NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



FIRM and AFFILIATE OFFICES

ERIC R. BRESLIN
PARTNER
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
E-MAIL: ERBreslin@duanemorris.com

www.duanemorris.com

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

March 14, 2025

<u>VIA ECF</u>

Honorable George B. Daniels
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>United States v. Bond, No. 1:24-cr-00494 (GBD)</u>

Dear Judge Daniels:

  We represent Michelle Bond in the above-referenced matter. On January 8, 2025, the Court set a deadline for the filing of defense pre-trial motions of April 1, 2025. We write to request an extension of the deadline to file motions. No trial date has yet been set for this matter.

  The government obtained an indictment against Ms. Bond on August 19, 2025, following an investigation lasting well over a year. The government requested several months to produce discovery. It made the most recent production on January 3, 2025. At a hearing on January 8, 2025, the Court set the April 1st deadline to afford the defense time to review documents.

  On January 10, almost immediately following the hearing before the Court, we received a communication from Sullivan & Cromwell, counsel for the FTX Bankruptcy Trustee (who we believe is communicating with the government). The letter advised that Ms. Bond is not permitted to use funds on retainer at Duane Morris LLP because those funds were subject to a temporary restraining order issued in an adversary proceeding against Ms. Bond's husband, Ryan Salame. *See FTX Recovery Trust v. Salame*, 24-50186 (Bankr. D. Del.). A copy of the temporary restraining order is attached. Counsel for the FTX Trustee also informed Ms. Bond that the Trustee believes that any funds that she shares with her husband are subject to this order. We believe that the Trustee's efforts to secure a pre-judgment restraint of these assets is a gross overreach and, if not opposed, will result in manifest injustice in this proceeding.

DUANE MORRIS LLP *A DELAWARE LIMITED LIABILITY PARTNERSHIP*  DAVID A. SUSSMAN, RESIDENT PARTNER

200 CAMPUS DRIVE, SUITE 30  PHONE: +1 973 424 2000 FAX: +1 973 424 2001
FLORHAM PARK, NJ  07932-1007

DuaneMorris

Honorable George B. Daniels
March 14, 2025
Page 2

      In late January, Ms. Bond moved to intervene in the bankruptcy proceeding to protect her interests. We are representing Ms. Bond in connection with her intervention.

      The unexpected overreach by the FTX Trustee and Sullivan & Cromwell has placed a tremendous strain on Ms. Bond and her defense team's resources. Ms. Bond must now litigate in Delaware to free her assets and her legal retainer from restraint so she can pay counsel to defend this proceeding. She must also oppose a preliminary injunction that would freeze her assets on a more permanent basis. This was an emergent issue the entire month of February, with tight deadlines and a court appearance in Delaware. Ms. Bond faces significant deadlines next week and the week following. Ms. Bond needs to focus on securing funds to pay for her defense.

      We therefore respectfully request an extension until June 20 to file defense motions, which will afford time for the bankruptcy court to hear and decide motions, and for the defense team to properly review and draft motions. We request June because my partner, Melissa Geller, and I will be trying a manslaughter case starting on April 29 in Union County, New Jersey, which is currently expected go about six weeks.

      Despite the fact that the government waited over a year to indict Ms. Bond, and took nearly five months to produce full discovery, the government indicated that it does not consent to our request for additional time to review that discovery and draft motions. We are therefore compelled to request additional time over their objection.

      We are happy to provide the Court with further explanation or any documents that it would like to see in support of this request. We thank the Court for its time and courtesy.

      Respectfully submitted,

      /s/ *Eric R. Breslin*
      Eric R. Breslin

cc:    All counsel of record (via ECF)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD., ALAMEDA RESEARCH LLC, ALAMEDA RESEARCH LTD., NORTH DIMENSION INC., WEST REALM SHIRES, INC., and WEST REALM SHIRES SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    -against-<br><br>RYAN SALAME,<br><br>    Defendant. | Adv. Pro. No. 24-50186 (JTD) |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the Debtors' Motion for a Temporary Restraining Order (the "TRO Motion") filed by Plaintiffs FTX Trading Ltd. ("FTX"), Alameda Research LLC ("Alameda LLC"), Alameda Research Ltd. ("Alameda"), North Dimension Inc. ("North Dimension"), West Realm Shires, Inc. ("WRS"), and West Realm Shires Services, Inc. ("WRSS") (together, the "Plaintiffs" or the "Debtors"); and the Court having reviewed the Motion; and the Court having

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

held a status conference on the Debtors' Motion for a Preliminary Injunction and Expedited Discovery (the "P.I. Motion") on December 12, 2024 (the "Hearing"); and the Court having considered all evidence and argument presented at the Hearing and all matters of record at the Hearing; and the Defendant having consented to the TRO Motion; the Court finds and concludes as follows:

      A.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

      B.      Venue is proper in this District pursuant to 28 U.S.C. § 1409, and is consistent with the interests of justice, judicial economy, and fairness.

      C.      Notice of this Order is sufficient under the circumstances.

      D.      Accordingly, the Court finds good cause to issue a temporary restraining order enjoining Salame, his attorneys, agents, assigns, or any other person acting in concert or participation with him, from taking any steps to transfer, sell, spend, assign, exchange, convert, dissipate, use, move, or otherwise modify any rights related to any of his assets, without prior Court approval, until a hearing and determination on the Debtors' P.I. Motion.

For the legal and factual bases set forth in the TRO Motion, the supporting papers, and on the record at the Hearing, it is hereby ORDERED that:

      1.      With the Parties' consent and pursuant to 11 U.S.C. § 105(a) and the Federal Rule of Civil Procedure 65(b), as made applicable herein by Federal Rule of Bankruptcy Procedure 7065, Salame, his attorneys, agents, assigns, or any other person acting in concert or participation with him, are prohibited from taking any steps to transfer, sell, spend, assign, exchange, convert, dissipate, use, move, or otherwise modify any rights related to any of his assets, without prior Court approval, pending a hearing and determination on the Debtors' P.I. Motion.

2. The Debtors are relieved from posting any security under Federal Rule of Bankruptcy Procedure 7065.

3. This Order shall promptly be filed in the Clerk's office and entered in the record. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: December 17th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

-3-