NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

ERIC R. BRESLIN
PARTNER
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
*E-MAIL:* ERBreslin@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

September 22, 2025

**VIA ECF**

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Bond, 1:24-cr-00494-GBD: Opposition to Government Application for Subpoena and Motion to Quash</u>

Dear Judge Daniels

      We are the attorneys for Michelle Bond. We are scheduled to be before the Court on September 22, 2025, for an evidentiary hearing on the question of whether the government's indictment of Ms. Bond breached an agreement made to her husband during his plea negotiations. We anticipate that Ms. Bond will testify. On September 19, 2025, the government advised the Court that, should Ms. Bond testify, it proposes to cross-examine her on the merits of the case under the guise of attacking her credibility. We here move the Court for an order limiting the government's cross-examination to matters within the scope of the direct.

      Federal Rule of Evidence Rule 104(d) states:

> By testifying on a preliminary question, a defendant in a criminal case does not become subject to cross-examination on other issues in the case."

      Rule 608 further provides:

> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness' character for truthfulness.

DUANE MORRIS LLP   *A DELAWARE LIMITED LIABILITY PARTNERSHIP*   DAVID A. SUSSMAN, RESIDENT PARTNER
200 CAMPUS DRIVE, SUITE 300                                                                                   PHONE: +1 973 424 2000   FAX: +1 973 424 2001
FLORHAM PARK, NJ  07932-1007

DuaneMorris

Honorable George B. Daniels
September 22, 2025
Page 2

The government may impeach a defendant's credibility as to matters within the scope of the direct examination, not beyond.  No case cited by the government provides otherwise:

In the Second Circuit case *United States v. Jaswal*, the defendant testified in a suppression hearing that his confession was involuntary and manufactured by government agents.  47 F.3d 539, 543 (2d Cir. 1995).  The court permitted cross examination into the underlying facts of the crime to demonstrate the confession's accuracy, rebutting the claim that federal agents wrote the confession.  *Id.*  The Second Circuit held that the impeachment evidence was thus directly within the scope of the direct and therefore permissible.  *Id.*  The Second Circuit did not hold that the government could examine on the underlying offense where not directly relevant to the direct.

In *United States v. Roberts*, the defendant testified that his altered mental state rendered his confession involuntary.  14 F. 3d 502, 516-17 (10th Cir. 1993).  The district court permitted the government to cross-examine on the underlying offense because the defendant's directing sales and collecting money showed the defendant's rational and functional state of mind.  *Id.*  The Tenth Circuit ruled the testimony was permissible because the defendant placed his state of mind at issue, and the government could impeach on that issue.  In *United States v. Williams*, the cross-examination at issue directly related to the defendant's earlier testimony, namely the defendant's denial that he showed signs of nervousness at the time he was arrested.  754 F.2d 672, 676 (6th Cir. 1985).

In contrast, the court in *United States v. Roth* confronted a situation more apposite to the one here.  854 F. Supp. 620, 622 (D. Neb. 1994).  The defendant testified in a suppression hearing, confining his testimony to the circumstances surrounding the taking of his statement.  *Id.*  The court restricted the cross-examination as to the underlying offense, holding that the government's proffered topic of cross-examination, whether the defendant was involved with drugs, exceeded the scope of the direct and did not touch on credibility in any event.  *Id.*

We anticipate that Ms. Bond will testify as to her understanding of the scope of Mr. Salame's plea, what she was told by her attorneys as to their understanding of the scope of the plea, and potentially the prejudice she suffered as a result of the government's reneging on the agreement with she and her husband.  We do not anticipate that Ms. Bond will testify as to the underlying offense at all.  Cross-examination into the underlying offense would thus be far outside the scope of the direct and a violation of Rule 104(d).  We respectfully request an order limiting the government's cross-examination to matters within the scope of the direct

DuaneMorris

Honorable George B. Daniels
September 22, 2025
Page 3

examination and precluding the government from cross-examination as to any aspect of the underlying offense absent the defense opening the door.

                                                    Respectfully submitted,

                                                    /s/ *Eric R. Breslin*
                                                    Eric R. Breslin

Attachments

Cc:    All counsel of record (via ECF)