

| | | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | ERIC R. BRESLIN | MIAMI |
| SILICON VALLEY | PARTNER | BOCA RATON |
| SAN DIEGO | DIRECT DIAL: +1 973 424 2063 | PITTSBURGH |
| LOS ANGELES | PERSONAL FAX: +1 973 556 1552 | NORTH JERSEY |
| BOSTON | *E-MAIL:* ERBreslin@duanemorris.com | LAS VEGAS |
| HOUSTON | | SOUTH JERSEY |
| DALLAS | *www.duanemorris.com* | SYDNEY |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

September 30, 2025

VIA ECF

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Bond*, 1:24-cr-00494-GBD: <u>Response to Government's Untimely Motion to Reconsider Evidentiary Hearing</u>

Dear Judge Daniels,

      We are the attorneys for Michelle Bond.  We write in response to the government's new motion, filed at 11:00 p.m. last evening, after Ms. Bond filed her issues letter with the Court.  The government seeks to sandbag the defense with a *new* motion to "cancel" the hearing.  The Court should reject the government's application because: (1) it is an improper motion to reconsider the Court's prior order for a hearing, (2) it lacks merit, (3) and it is the latest in a series of last-minute applications, all aimed at hamstringing the defense's ability to respond in a timely and effective manner and minimize delay and dislocation.

      *First and second*, the government's application is a weird hybrid of an improper motion to reconsider and civil summary judgment motion.  The government argues that: (1) one document produced by Ms. Bond is "dispositive" of the lack of a promise, (2) other documents support this lack of a promise, (3) Ms. Bond's subjective belief does not create an enforceable promise, and (4) Ms. Bond has provided no evidentiary support to merit a hearing.

      The parties have already extensively briefed these issues, the Court heard argument, and the Court ordered a hearing.  The matter has been resolved for *months*.  The government's application is nothing more than an impromptu motion for reconsideration.  A motion reconsideration must be brought within 14 days of the Court's ruling on the original motion and be accompanied by a memorandum that details the basis for the application.  L. Crim. R. 49.1(b);

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*    DAVID A. SUSSMAN, RESIDENT PARTNER

200 CAMPUS DRIVE, SUITE 300    PHONE: +1 973 424 2000    FAX: +1 973 424 2001
FLORHAM PARK, NJ 07932-1007

DuaneMorris

Honorable George B. Daniels
September 30, 2025
Page 2

*United States v. Fell*, 372 F. Supp. 2d 773, 780 (D. Vt. 2005).  A motion to reconsider may not be used to by a moving party relitigate issues already decided.  *Id.*

     The government does not even reference Rule 49.1, and addresses none of the standards of a motion for reconsideration.  The thrust of the government's application seems to be that "new evidence" supports the Court's reversal of its prior ruling.  This argument fails because the government offers nothing new, just a rehashing of prior arguments already briefed and decided.  The government cites four documents: (1) its notes of a proffer with Ms. Bond's former counsel (ECF 65-3); (2) Mayer Brown's proffer script (ECF 65-4); (3) an April 2024 email from Ms. Bond's former counsel to Ms. Bond (65-2); and (4) April 2024 text messages between Ms. Bond and her former attorney (ECF 65-1).  (*See* ECF 65 at p. 2).

     None of this information is "new," and none of it supports a reversal of the Court's prior ruling.  The notes of the proffer session (ECF 65-3) came from the government and the government attached it to one of its two opposition filings to Ms. Bond's motion.  (*See* ECF 50-1).  Notes from Ms. Bond's proffer script are more detailed but contain the same information and cannot be said to be new.  (*See* ECF 65-4 at pp. 25-27).  Neither of these documents supports the government's case in any event.  Both show that, at least as of April 2024, Ms. Bond's former counsel believed that the government agreed not to prosecute Ms. Bond if Mr. Salame pleaded guilty.  (*Id.*).

     The April 2024 email attached at ECF 65-2 may be a new email but is hardly new information.  Ms. Bond's counsel advises Ms. Bond that the government left counsel "with the understanding" that the government would not prosecute Ms. Bond.  (ECF 65 at p. 2).).  Ms. Bond attached correspondence with the government using nearly the exact same language in support of her initial motion. (ECF 40-4 at p. 5 ("We are surprised to hear from you given our course of dealing with the FTX prosecution team, which led us to believe that this matter was not going to be pursued.")).  Nor does ECF 65-1, an April 2024 text message between Ms. Bond and one of her former attorneys, change the analysis.  In an April 2024 text conversation with Ms. Bond about Ms. Bond's pending indictment, her former attorney stated they were doing research but the government "was careful not to promise."  But, as already extensively briefed for the Court, the government's narrow and suspiciously convenient definition of formal promise is not the standard here and is far from dispositive.  The government cannot induce a party to plead guilty and then fail to honor the agreement.  (*See* ECF 39 at pp. 10-12; ECF 44 at pp. 7-10). [1]

     In short, the government simply seeks to rehash the same ground already covered by the prior briefings.  It fails to make a showing that it is entitled to reconsideration of the Court's

---

[1] The government also argues that Ms. Bond has refused to give it a proffer of what the Mayer Brown witnesses will say at hearing.  If the Court believed that were proper or necessary, it would have so ordered it before ordering a hearing.  It seems pretty self-evident that any witness from Mayer Brown will testify as to their recollection of events.  We are aware of no obligation that requires the defense to provide the government with a detailed roadmap of its witness exams or expected testimony.

DuaneMorris

Honorable George B. Daniels
September 30, 2025
Page 3

ruling. Furthermore, the government's submission really boomerangs as it actually just cements the need for a hearing. The contemporaneous documents show a clear disconnect between the government and counsel's understanding of the scope of Mr. Salame's plea. This is the definition of a question of fact. However, should the Court be inclined to consider the government's application, Ms. Bond respectfully requests that the Court set a briefing schedule so that she may have a full and fair opportunity to respond and attach countervailing evidence, as required by L. Crim. R. 49.1.

*Third and finally,* this application is the latest in a series of seriatim motions and demands filed by the government at practically the last minute. On July 22, 2025, the Court set this down for an evidentiary hearing for September 25, 2025. The government waited until after hours on Friday, September 19, 2025, just six days and three business days from the hearing, to serve extensive discovery demands on Ms. Bond and her former counsel. The government offered no explanation for its delay.[2] That same night, September 19, 2025, the government filed motions directed to the hearing, including motions to preclude Ms. Bond from testifying. (ECF 57). The following Monday, the government filed yet another letter brief. (ECF 60). These late-breaking applications required an adjournment of the hearing so the defense could arrange for the proper review and redaction of privileged documents. The parties undertook to submit letters to the Court stating their positions on any open applications. The parties did not agree to additional motion practice.

In a meet and confer last week, the government advised that it believed the hearing should be cancelled because certain documents produced by the defense are "dispositive" in favor of the government. We disagreed both on the substance and the procedure. We also objected to the filing of any motions that would not afford the defense an opportunity to respond. The government advised that, if it filed anything, it would file before Monday so the defense would have an opportunity to address the motion. On Monday, the parties negotiated a joint status letter, including a list of all outstanding issues for the Court's review. The government did not mention and did not include a motion to cancel the hearing. On Monday night, the government waited to submit its letter to the Court, including its application to cancel the hearing, until 11:00 p.m., guaranteeing the defense would not be able to respond in its letter to the Court. This is just not fair.

We submit that the government's motion to cancel the hearing is untimely not just for failing to comply with Local Rule 49.1, but in the context of these proceedings specifically. The government's consistent, serial and untimely demands have already caused delay. They further prejudice Ms. Bond by taking time, resources, and attention away from preparation for the hearings and towards responding to endless rounds of late motions and subpoenas. Ms. Bond respectfully requests that the government be precluded from filing additional motions concerning

---

[2] Simultaneously, the government stonewalled defense counsel's requests for the very same documents it now demands Ms. Bond produce.

DuaneMorris

Honorable George B. Daniels
September 30, 2025
Page 4

the hearing.  Alternatively, Ms. Bond respectfully requests that the Court set a deadline by which any motions must be filed absent a showing of good cause.

    We thank the Court for its time and attention.

                      Respectfully submitted,

                      /s/ *Eric R. Breslin*
                      Eric R. Breslin

Enclosure
Cc:    All counsel of record (via ECF)