CONFIDENTIAL

| | |
|---|---|
| **From:** | Parlovecchio, Gina |
| **To:** | H. Christopher Bartolomucci |
| **Cc:** | Brian Field |
| **Subject:** | RE: Salame |
| **Date:** | Tuesday, August 20, 2024 7:59:48 PM |
| **Attachments:** | Salame declaration_MB rev(771075634_1).doc 1 |

Chris,

The declaration with revisions is attached.

███████████████████████████████████████████

Best regards,
Gina


**From:** Parlovecchio, Gina
**Sent:** Tuesday, August 20, 2024 7:30 PM
**To:** H. Christopher Bartolomucci
**Cc:** Brian Field
**Subject:** RE: Salame

Chris and Brian,

███████████████████████████████████████████

Best regards,
Gina

**From:** H. Christopher Bartolomucci <cbartolomucci@schaerr-jaffe.com>
**Sent:** Tuesday, August 20, 2024 6:35 PM
**To:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>
**Cc:** Brian Field <bfield@schaerr-jaffe.com>
**Subject:** Re: Salame

**CAUTION: External Email -** Only click on contents you know are safe.

███████████████████████████████████████████

On Aug 20, 2024, at 1:45 PM, H. Christopher Bartolomucci <cbartolomucci@schaerr-jaffe.com> wrote:

███████████████████████████████████████████

MB000016

CONFIDENTIAL

# Summary of Comments on 18 - 2024.08.20 MB edits to Salame declaration.pdf

## Page: 1

Number: 1    Author:    Date: Indeterminate

MB000017

CONFIDENTIAL

On Aug 20, 2024, at 1:44 PM, Parlovecchio, Gina
<GParlovecchio@mayerbrown.com> wrote:

[REDACTED]

On Aug 20, 2024, at 5:46 PM, H. Christopher Bartolomucci
<cbartolomucci@schaerr-jaffe.com> wrote:

> **CAUTION: External Email -** Only click on contents you know
> are safe.

[REDACTED]

On Aug 20, 2024, at 6:08 AM, H. Christopher
Bartolomucci <cbartolomucci@schaerr-jaffe.com>
wrote:

We also have a draft declaration.

**From:** H. Christopher Bartolomucci
<cbartolomucci@schaerr-jaffe.com>
**Date:** Tuesday, August 20, 2024 at 6:02 AM
**To:** Parlovecchio, Gina
<GParlovecchio@mayerbrown.com>
**Cc:** Brian Field <bfield@schaerr-jaffe.com>
**Subject:** Re: Salame

[REDACTED]

**From:** Parlovecchio, Gina
<GParlovecchio@mayerbrown.com>
**Date:** Tuesday, August 20, 2024 at 4:37 AM
**To:** H. Christopher Bartolomucci
<cbartolomucci@schaerr-jaffe.com>
**Subject:** Re: Salame

Hi Chris,

[REDACTED]

MB000018

CONFIDENTIAL

MB000019

CONFIDENTIAL



Best regards,
Gina
Sent from my iPhone

On Aug 7, 2024, at 11:17 PM, H.
Christopher Bartolomucci
<cbartolomucci@schaerr-jaffe.com>
wrote:

**CAUTION: External Email -** Only
click on contents you know are
safe.

**From:** Parlovecchio, Gina
<GParlovecchio@mayerbrown.
com>
**Date:** Wednesday, August 7,
2024 at 6:15 PM
**To:** H. Christopher
Bartolomucci
<cbartolomucci@schaerr-
jaffe.com>
**Subject:** RE: Salame

Hi Chris,

MB000020

CONFIDENTIAL

MB000021

CONFIDENTIAL

Best regards,
Gina

**From:** H. Christopher
Bartolomucci
<cbartolomucci@schaerr-
jaffe.com>
**Sent:** Wednesday, August 7,
2024 10:09 AM
**To:** Parlovecchio, Gina
<GParlovecchio@mayerbrown.co
m>
**Subject:** Salame

**CAUTION: External Email -** Only
click on contents you know are
safe.



Many thanks,

Chris

H. Christopher Bartolomucci
Schaerr|Jaffe LLP
1717 K Street NW, Suite 900 |

MB000022

CONFIDENTIAL

MB000023

CONFIDENTIAL

Washington, DC 20006
Office (202) 787-1060 | Mobile (202)
256-2735
cbartolomucci@schaerr-jaffe.com |
www.schaerr-jaffe.com

_____

_____

_____

This email and any files
transmitted with it are intended
solely for the use of the
individual or entity to whom
they are addressed. If you have
received this email in error
please notify the system
manager. If you are not the
named addressee you should not
disseminate, distribute or copy
this e-mail.

Mayer Brown is a global
services provider comprising an
association of legal practices
that are separate entities,
including Mayer Brown LLP
(Illinois, USA), Mayer Brown
International LLP (England),
Mayer Brown (a Hong Kong
partnership) and Tauil &
Chequer Advogados (a
Brazilian partnership).

Information about how we
handle personal information and
our use of relationship insight
tools in conjunction with email
is available in our Privacy
Notice.

MB000024

CONFIDENTIAL

MB000025

CONFIDENTIAL

# ATTACHMENT

MB000026

CONFIDENTIAL

Draft 8-20-24 6:00am

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

     v.

RYAN SALAME

    Defendant.

_____/

Case No. 22 Cr. 673
(LAK)

## DECLARATION OF RYAN SALAME

I, Ryan Salame, declare under penalty of perjury that the following statements are true and accurate to the best of my knowledge.

1.     I am the defendant in the above-captioned case. I am submitting this declaration in support of my petition for a writ of error coram nobis or a writ of audita querela.

2.     I was charged by information with one count of conspiracy to make unlawful political contributions and defraud the FEC and one count of conspiracy to operate an unlicensed money transmitting business.

3.     On September 7, 2023, I pleaded guilty to both charges as part of a plea bargain. The plea agreement ("Agreement") was memorialized in writing.

4.     On May 28, 2024, this Court sentenced me to 90 months' imprisonment and three years of supervised release thereafter. The Court also ordered me to pay $500,200 in assessments and fines, as well as $5,593,177.91 in restitution (an obligation I have already satisfied).

5.     The government, during its investigation of the offenses to which I later pleaded guilty, conveyed to me that it was also investigating alleged campaign-finance violations by

2.

1771075634.1

MB000027

CONFIDENTIAL

## Page: 6

Number: 1          Author: Gina Parlovecchio      Date: 8/20/2024 7:32:00 PM

He is also facing a forfeiture payment in the amount of $6,000,000

MB000028

CONFIDENTIAL

Michelle Bond, my domestic partner and mother to my eight-month-old child (though Bond's alleged violations are separate from those to which I pleaded guilty).

6.      During an April 28, 2023 video conference call with my counsel, Assistant U.S. Attorney Danielle Sassoon read from prepared talking points and explained that, although she could not put this condition within the four corners of the Agreement (as she said is often the practice of the office), "if we conclude" the investigation "as to [me], that would conclude th[e] facet of the investigation" into Bond.

7.      My lawyers, who also represented Bond, took Sassoon's assurance to mean that if I pleaded guilty, the U.S. Attorney's office would be unlikely[1] to pursue the campaign-finance charges against Bond, and my counsel communicated the government's statements to both Bond and me.

8.      My counsel had long careers in DOJ and told me that they found it striking that such an offer would be explicitly stated in this manner; neither of my attorneys on the conference call had seen that type of inducement presented in pre-charging discussions and therefore conveyed to me that they took the statements seriously.  That Sassoon was reading from talking points further reinforced my counsel's impression that the statement was sincere, and not a thoughtless or off-hand comment.

9.      Thus, once they reached a plea Agreement as to me, my counsel put their file as to Bond in storage, believing the matter had concluded.

10.     Based on the government's aforementioned representations, I signed the Agreement even though it did not mention the condition regarding Bond and included a boilerplate integration clause stating that the writing "supersedes any prior understandings, promises, or conditions between this Office and the defendant." Agreement at 7.  Also, when asked at my plea allocution

2.                                      271075634.1

MB000029

CONFIDENTIAL

## Page: 7

Number: 1        Author: Gina Parlovecchio     Date: 8/20/2024 7:48:00 PM

Please note that we also advised him that there were no promises.

MB000030

CONFIDENTIAL

whether "anyone made any promises other than whatever is set forth in the plea agreement that induced [me] to plead guilty," I answered in the negative.

11.     Although the written Agreement and my plea allocution did not mention the government's implied commitment regarding the campaign-finance charges against Bond, AUSA Sassoon told my counsel that the government could not put this condition within the four corners of the Agreement—which my attorneys and[1] I took to mean that the commitment would not be honored if it was aired in open court (or would at least be honored without regard to whether it was aired in open court).

12.     One of my main reasons for accepting the plea arrangement was my understanding that, if I did so, the government would not pursue the campaign-finance charges against Bond.

13.     Yet despite my cooperation, the government failed to honor its stated commitment not to pursue the campaign-finance charges against Bond if I accepted the government's terms and pleaded guilty.

14.     By way of my petition for coram nobis or audita querela, I seek post-conviction relief on the ground that either A) the government should be held to its assurance regarding Bond, since that assurance induced my guilty plea; or alternatively, B) the government's condition tying its investigation of Bond to my acceptance of the plea arrangement was an improper threat.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge.

_____
Date

_____
Ryan Salame

2.                                      371075634.1

MB000031

CONFIDENTIAL

# Page: 8

Number: 1          Author: Gina Parlovecchio      Date: 8/20/2024 7:42:00 PM
This is not correct - this is not correct, but the statement in the parentheses is correct.

MB000032

CONFIDENTIAL

MB000033