

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 29, 2026

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    *United States v. Michelle Bond*, 24 Cr. 494 (GBD)

Dear Judge Daniels:

In connection with defendant Michelle Bond's pending motion to dismiss the Indictment, (Dkt. 38), the Government respectfully submits this letter to alert the Court to yesterday's memorandum and order, issued by the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, S6 22 Cr. 673 (LAK) (ECF No. 595) (the "Order"), denying Bankman-Fried's motion for a new trial and, as relevant here, referring to Bond's pending motion before this Court and addressing Ryan Salame's false, post-sentencing comments about his then-attorneys' plea negotiations with the Government. (*United States v. Bankman-Fried*, S6 22 Cr. 673 (LAK) (ECF No. 595 at 3-4 & nn. 3-5)). The Order is attached hereto as Exhibit A.

As the Government has explained to this Court, Bond's pending motion to dismiss "simply repackages the same inflammatory and dishonest claims Salame made in his withdrawn *coram nobis* petition" before Judge Kaplan about his then-attorneys' plea negotiations with the Government. (Dkt. 100 at 17). Similarly, in his now-denied motion for a new trial before Judge Kaplan, Bankman-Fried repeated these same baseless allegations, including by citing Salame's false post-sentencing public comments and referring to Salame's purported "coerced guilty plea" based "on the condition that the prosecution would drop its investigation of Ms. Bond." (*United States v. Bankman-Fried*, S6 22 Cr. 673 (LAK) (ECF No. 583 at 16, 17); *see generally id.* (ECF No. 583 at 16-21)).

Hon. George B. Daniels
April 29, 2026
Page 2

In his Order of yesterday, April 28, 2026, Judge Kaplan denied Bankman-Fried's motion for a new trial and addressed Salame's baseless allegations directly. (Ex. A). First, Judge Kaplan referred to Salame's post-sentencing comments as "self-serving" and rightly observed that "[i]f one were to take Salame at his current word, he lied under oath when pleading guilty before this Court." (Ex. A at 3 & n.3 (citing Salame's sworn statements at his plea hearing that there were no inducements or promises made to him outside the Plea Agreement that caused him to plead guilty)). Second, Judge Kaplan further explained that "the evidence on the record before [Judge Kaplan] makes it clear that it in fact is Salame's much-belated and now-withdrawn attempt to recant that is false." (Ex. A at 3 & n.4 (citing Salame's commitment to withdraw with prejudice his baseless *coram nobis* petition)). Finally, referring to Bond's pending motion to dismiss before this Court, Judge Kaplan observed, "Mindful of ongoing proceedings in another case in this district that are related to Salame's claims, it suffices to say that Salame's credibility in any event is highly questionable and his out-of-court, unsworn statements could not come anywhere close to clearing the bar to warrant a new trial, particularly in light of the 'utmost suspicion' with which courts must look upon recantations of prior sworn testimony." (Ex. A at 3-4 & n.5).

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By:  /s/ David R. Felton
      David R. Felton
      Daniel C. Richenthal
      Stephanie Simon
      Assistant United States Attorneys
      (212) 637-2299/-2109/-2581

Enclosure

cc: All counsel of record (by ECF)