# EXHIBIT 8



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 24, 2026

**BY EMAIL**
Louis Capizzi (lcapizzi@cahill.com)
Kiersten A. Fletcher (kfletcher@cahill.com)
James Mandolfo (jmandolfo@cahill.com)
Edward C. O'Callaghan (eocallaghan@cahill.com)
Cahill Gordon & Reindel LLP

Re:    *United States v. Michelle Bond*, 24 Cr. 494 (GBD)

Counsel:

We write in further response to your email of July 15 and our call of July 14. With respect to your July 15 request that we "provide an index of the FTX investigative file," we decline to do so. We are unaware of any obligation to produce such a document (should the document even exist); however, we will review any contrary authority should you provide it to us. As a courtesy, and in response to your separate request for an index of certain materials produced to your client in October 2024, we will provide an index of all discovery produced to your client, which includes extensive materials obtained from the FTX investigative file.[1]

In your email of July 15, you further requested "an explanation of which portions of that [FTX investigative] file have been reviewed or searched to identify: (i) communications involving or concerning Ms. Bond; (ii) any evidence that Ms. Bond genuinely performed work for FTX, Mr. Bankman-Fried, and/or any FTX subsidiary; and (iii) any evidence that the approximately $313,544 wire transfer to Ms. Bond's campaign originated from the legitimate sale of Ms. Bond's home." As we have previously communicated, we take seriously our disclosure obligations, including those arising under Rule 16 and *Brady*, and we intend to comply fully with those obligations irrespective of whether you specifically request such material, or how you characterize that material.

As we explained on our July 14 call, in consultation with the FTX team, the Government has made reasonable efforts to review the FTX file for any Rule 16 and *Brady* materials, including the three categories of evidence you identified. As explained, those efforts included, among others, consultation with members of the FTX team to identify categories of documents that were likely to include Rule 16 or *Brady* material; those categories of documents were either produced in full, or searches were conducted and identified materials were produced. Based on that review, we are not aware of any outstanding Rule 16 or *Brady* materials relating to the three categories of evidence you identified that were not previously produced. We recognize that our Rule 16 and *Brady*

---

[1] The Government notes that any errors in the index provided herewith are inadvertent.

obligations are ongoing. In the event we learn or come into possession of any additional Rule 16 and *Brady* materials, we will promptly produce them.

As a courtesy, we note that the Government has produced communications involving or concerning your client from numerous sources. For example, as we noted in our email of July 17, the Government long ago produced to your client full and responsive warrant returns of your client's phone and iCloud accounts belonging to your client and Ryan Salame, which include, among other things, email communications involving ███████████████, as well as text messages and chats involving your client from several platforms. Further, as previously explained, the Government long ago produced to your client documents that the Bond prosecution team obtained from the FTX Debtors, which include, among other things, communications involving michelle@theadam.io and Slack channels that included your client, as well as communications concerning your client. The Government also long ago produced, among other things, communications with or regarding your client located in the identified data from Google search warrant returns in the FTX investigative file, and communications with or regarding your client contained in certain subpoena returns or voluntary productions. We will promptly produce any additional communications involving or concerning your client that constitute Rule 16 or *Brady* material, should we identify any such communications. We remain available to meet and confer on this issue.

Further to your request for information regarding the Government's efforts to identify "evidence that Ms. Bond genuinely performed work for FTX, Mr. Bankman-Fried, and/or any FTX subsidiary," we continue to disagree that such material is exculpatory and material to the defense. Although the Government is not required to articulate its theories at this time, the Government's current theory of the defendant's liability is not that the defendant performed *no* work for FTX. To the contrary, the Government's theory of liability is premised on the notion that any work the defendant did for FTX in 2021 and 2022 was in her capacity as CEO of ADAM, not as an FTX consultant, and that the defendant also attended certain events related to FTX in 2021 and 2022 in her capacity as Ryan Salame's girlfriend, not as an FTX consultant. Accordingly, as indicated in our July 2 letter, although we have produced Rule 16 materials identified to date related to this topic, we "intend to begin producing any 3500 and *Giglio* material [on this topic] substantially closer to trial." In the event the Government's theory changes in advance of trial such that it intends to assert that the defendant did no work whatsoever for FTX (even in her capacity as CEO of ADAM), the Government will promptly reevaluate whether it is required to disclose as defense-favorable information non-Rule 16 materials relating to this topic. We remain available to meet and confer to discuss an appropriate schedule for pretrial disclosures, including 3500 material and reciprocal discovery.

Finally, as to your request for information regarding the Government's efforts to identify evidence "that the approximately $313,544 wire transfer to Ms. Bond's campaign originated from the legitimate sale of Ms. Bond's home," we reiterate that we are unaware of any Rule 16 or *Brady* material on that topic which has not been provided to you. To the extent any additional materials

are identified, we will produce them to you promptly.

Very truly yours,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Stephanie Simon
David Felton
Assistant United States Attorneys
(212) 637-2581 / -2299