CAHILL GORDON & REINDEL LLP

900 16th Street, N.W. Suite 500
Washington, DC 20006
TELEPHONE: (202) 862-8900
WWW.CAHILL.COM

32 OLD SLIP, NEW YORK, NY 10005 • 221 W. 10th STREET, WILMINGTON, DE 19801 • 20 FENCHURCH STREET, LONDON EC3M 3BY

July 31, 2026

**VIA ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:      *United States v. Michelle Bond*, 24 Cr. 494 (GBD)

Dear Judge Daniels:

We represent Defendant Michelle Bond in the above-referenced action.  We write pursuant to Federal Rule of Criminal Procedure 49.1(d), Rule 6.1 of the Electronic Case Filing Rules & Instructions of the United States District Court for the Southern District of New York, and the Protective Order in this case, Dkt. No. 24, to request leave to file under seal:

- the entirety of Exhibits 1, 2, 3, 10, 15, and 16 to the Declaration of Edward C. O'Callaghan ("O'Callaghan Decl.");

- limited portions of the Defendant's Memorandum of Law to Compel Discovery in Support of Constitutional Defenses (the "Memorandum of Law"), and to file a redacted version of the Memorandum on the public docket;

- and limited portions of Exhibits 4, 5, 6, 7, 8, 11, 12, and 14 to the O'Callaghan Decl., and to file redacted versions of these exhibits on the public docket

In support of this Motion to Seal, we state as follows:

*First*, Exhibits 3, 10, 15, and 16 to the O'Callaghan Decl. include information designated "Attorney Possession Only" or "APO" by the government and are therefore "Sealed Material" under the Protective Order entered in this matter.  *See* Dkt. No. 24 ¶¶2–3, 6.  As such, Defendant requests that the Court maintain these Exhibits under seal.  We have conferred with counsel for the government and the government agrees Exhibits 3, 10, 15, and 16 should be filed under seal.

*Second*, Exhibits 1 and 2 to the O'Callaghan Decl. include information which, to the knowledge of Defendant's counsel, remains under seal in separate magistrate proceedings. Defendant has located no order lifting those seals and therefore requests that the Court maintain these Exhibits under seal.  *See Doe* v. *Lerner*, 688 F. App'x 49, 50–51 (2d Cir. 2017) ("The District Court . . . properly determined that sealing was appropriate for . . . documents sealed in related

1

proceedings.") (summary order); *see also United States* v. *Sater*, 2019 WL 3288389, at \*4 (E.D.N.Y. July 22, 2019).  We have conferred with counsel for the government and the government agrees Exhibits 1 and 2 should be filed under seal.

*Third*, Exhibits 6, 7, and 11 to the O'Callaghan Decl. contain direct quotes from exhibits we have requested leave to file under seal in their entirety.  As such, all direct quotes of sealed material have been redacted from Exhibits 6, 7, and 11.  Defendant is filing publicly redacted versions of these exhibits.

*Fourth*, Exhibits 8, 12, and 14 to the O'Callaghan Decl. contain limited redactions related to Defendant's private, personal identifying information.  Defendant is filing publicly redacted versions of these exhibits.

*Fifth*, Exhibits 4, 5, 6, and 11 to the O'Callaghan Decl. contain limited redactions related to the identity of an individual identified in documents marked APO and which have been filed under seal.  Defendant is filing publicly redacted versions of these exhibits.

*Finally,* Ms. Bond is filing a publicly redacted version of the Memorandum of Law, with directly quoted language from Exhibits 1, 2, 3, 10, 15, and 16 to the O'Callaghan Decl. redacted, on the public docket.  We have conferred with counsel for the government and the government has no objection to Defendant's request for leave to file an unredacted brief under seal, and to file a redacted version on the public docket.

We thank the Court for its consideration.

Respectfully Submitted,


Edward C. O'Callaghan

Cahill Gordon & Reindel LLP

cc:      All counsel of record (via ECF)

2