**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 23, 2026

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Michelle Bond*, 24 Cr. 494 (GBD)**

Dear Judge Daniels:

The Government respectfully writes to correct a factual inaccuracy in the defendant's supplemental submission of October 16, 2026 (Dkt. 141), and to respond to her request to file an extraordinary third round of pretrial motions based on information she knew or was on notice of two years ago.[1]

## I. Background

As the Government has previously detailed (*see* Dkt. 134 at 6-9), following the unsealing of the Indictment in this matter, the Government made multiple extensive productions of discovery to the defendant. As relevant here, over two years ago, on or about October 18, 2024, the Government produced to the defendant, among other things, the returns of searches conducted pursuant to judicially authorized search warrants conducted of her cellphone, her iCloud account, and Ryan Salame's iCloud accounts, including the sets of items identified as responsive to those warrants (the "responsive sets"). The defendant did not at the time inquire which files constituted the responsive sets from those searches, nor did the defendant inquire as to whether those responsiveness reviews were closed or ongoing.[2]

By letter dated August 20, 2026—nearly two years after the Government's production of the warrant returns—the defendant asked the Government for the first time to identify the responsive set for one of the relevant sets of warrant returns.[3] Following additional

[1] The Government does not agree with the balance of the defendant's supplemental submission, but does not believe that it merits a surreply.

[2] Two of the three responsive sets had the word "Responsive" in their filenames, and the third had the word "Evidence" in its filename.

[3] The letter also made requests on other topics, and as the Government has informed the defendant, the Government will respond separately to certain of the other requests.

correspondence, by email dated August 28, 2026, the Government identified that responsive set—as well as the two other responsive sets—by Bates number. Later that day, the defendant asked for the specific file names of the reports that correspond to the Bates numbers provided by the Government for the responsive sets. The Government provided that information by email on August 31, 2026. The defendant did not inquire then as to whether the responsiveness reviews were closed or ongoing.

On October 15, 2026, the Government wrote a letter to the defendant explaining, among other things, why the case team did not have access to a particular Cellebrite report that had been mentioned in the defendant's August 20, 2026 letter. In its October 15, 2026 letter, the Government also disclosed, *not* in response to any inquiry by the defense, that it had narrowed the responsive sets for the three search warrants after identifying material outside the time period specified in the warrant. Also on October 15, 2026, the Government made available to the defendant a discovery production containing, among other things, the narrowed responsive sets, which were subsets of the responsive sets produced in October 2024 and did not include any new materials beyond what had been included in those responsive sets. Later that day, the defendant inquired for the first time when the responsiveness review for the device and accounts referenced above was completed. By email dated October 16, 2026, the Government responded that the responsiveness reviews concluded in or about October 2024.

## II. Discussion

### *A. Contrary to the Defendant's Letter, the Government Promptly Identified the Responsive Sets for the Defendant Upon Request*

In her supplemental letter, the defendant does not accurately state the history of the Government's production of responsive materials to her and response to her inquiries. (*See* Dkt. 141 at 4). She claims that the Government did not respond to her August 2026 requests to "identify the sets of data it deemed responsive to the warrants" until October 15, 2026. (*Id.*) This is not accurate. As explained, the responsive sets were produced to the defendant over two years ago on October 18, 2024. On August 20, 2026, the defendant asked the Government for the first time to identify the responsive set for one of the relevant sets of warrant returns, and by email dated August 28, 2026, the Government identified that responsive set, as well as the other responsive sets. The defendant is thus simply incorrect to claim that the Government did not identify the responsive sets to her until October 15.

### *B. The Defendant's Proposed Third Round of Pretrial Motions Would Be Untimely and Futile*

Nothing in the defendant's letter justifies the filing of yet more pretrial motions now, over a year after pretrial motions were due, based on information that the defendant knew or had notice of years ago.

The fact that the Government was only recently asked (and therefore only recently answered) when the responsiveness review closed does not, contrary to the defendant's claims (Dkt. 141 at 4), entitle her to an extraordinary third round of motions. As explained, the defendant *did not ask* the date at which the responsiveness review concluded until October 15, 2026. The

next morning (*i.e.*, October 16, 2026), the Government promptly responded, advising her that the responsiveness review had closed in or about October 2024. Indeed, the fact that the responsiveness review was ongoing until approximately October 2024 would have been apparent to the defendant, because that was when the responsive sets were produced to her.[4] But even leaving that aside, the defendant could have asked when the responsiveness review concluded at any time prior to filing her first—or even her second—round of pretrial motions. A defendant cannot manufacture an extension of her deadline to file pretrial motions by *waiting to ask* when the responsiveness review closed, let alone by waiting until over a year after the deadline. *See* Fed. R. Crim. P. 12(c)(3) (barring untimely pretrial motion absent good cause); *e.g.*, *United States v. Atuana*, 816 F. App'x 592, 596 (2d Cir. 2020) ("It is well established . . . that a strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause' under Rule 12(c)(3)." (internal quotation marks and brackets omitted)).

Similarly, while the defendant complains in her letter of the production of the narrowed responsive sets (Dkt. 141 at 4), any motion could have been made based on the original responsive sets, all of which were produced in October 2024, well before the original motion deadline.

Even leaving aside its unexcused untimeliness, any motion to suppress based on the fact that the responsiveness review took approximately 18 months to complete would be futile. The reviews, which involved three different devices and accounts, all of which needed to be screened by a filter team for potentially privileged materials, were completed expeditiously and within a reasonable period. *See, e.g.*, *United States v. Sosa*, 379 F. Supp. 3d 217, 222 (S.D.N.Y. 2019) (there is "no established upper limit as to when the government must review seized electronic data to determine whether the evidence seized falls within the scope of a warrant" (internal quotation marks omitted)); *United States v. An*, 733 F. Supp. 3d 77, 106 (E.D.N.Y. 2024) (upholding two-year review period as reasonable); *United States v. Aguilar*, No. 20 Cr. 390 (ENV), Dkt. 160 (E.D.N.Y. Jul. 7, 2023) (upholding more than two-and-a-half year review period as reasonable); *United States v. Daskal*, 676 F. Supp. 3d 153, 178-79 (E.D.N.Y. 2023) (upholding 23-month review period as reasonable); *United States v. Hadden*, No. 20 Cr. 468 (RMB), 2022 WL 1409600, at *4 (S.D.N.Y. May 4, 2022) (upholding 18-month review period as reasonable); *United States v. Alameh*, No. 17 Cr. 25 (ER), 2022 WL 602069, at *20 (S.D.N.Y. Feb. 28, 2022) (upholding 20-month review period as reasonable); *United States v. Mendlowitz*, No. 17 Cr. 248 (VSB), 2019 WL 1017533, at *12 (S.D.N.Y. Mar. 2, 2019) (upholding 18-month review period as reasonable). The defendant's citation to the *Metter* case (Dkt. 141 at 5) is entirely inapposite, as that case involved a delay in *beginning*, not *concluding*, a responsiveness review. *See United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) ("The parties have not provided the Court with any authority, nor has the Court found any, indicating that the government may seize and image electronic data and then retain that data with no plans whatsoever to *begin* review of that data to

[4] As noted above, the filenames of the responsive sets were marked with the words "Responsive" or "Evidence" and, if there was any confusion, the defendant could have inquired at any time.

determine whether any irrelevant, personal information was improperly seized." (emphasis in original)).

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: s/
David R. Felton
Paul M. Monteleoni
Stephanie Simon
Assistant United States Attorneys
(212) 637-2299 / 2219 / 2581

cc: All Counsel of Record (by ECF and email)